AO 472 (Rev. 3/86) Order of Detention Pending Trial

# United States District Court

DISTRICT OF KANSAS

UNITED STATES OF AMERICA
v.

MONTERIAL WESLEY
*Defendant*

**ORDER OF DETENTION PENDING TRIAL**

Case Number: 07-M-8133-02-DJW

In accordance with the Bail Reform Act, 18 U.S.C. § 3142(f), a detention hearing has been held. I conclude that the following facts require the detention of the defendant pending trial in this case.

**Part I - Findings of Fact**

☐ (1) The defendant is charged with an offense described in 18 U.S.C. § 3142(f)(1) and has been convicted of a (federal offense) (state or local offense that would have been a federal offense if a circumstance giving rise to federal jurisdiction had existed) that is

- ☐ a crime of violence as defined in 18 U.S.C. § 3156(a)(4).
- ☐ an offense for which the maximum sentence is life imprisonment or death.
- ☐ an offense for which a maximum term of imprisonment of ten years or more is prescribed in ______
- ☐ a felony that was committed after the defendant had been convicted of two or more prior federal offenses described in 18 U.S.C. § 3142(f) (1)(A)-(C), or comparable state or local offenses.

☐ (2) The offense described in finding (1) was committed while the defendant was on release pending trial for a federal, state or local offense.

☐ (3) A period of not more than five years has elapsed since the (date of conviction) (release of the defendant from imprisonment) for the offense described in finding (1).

☐ (4) Findings Nos. (1), (2) and (3) establish a rebuttable presumption that no condition or combination of conditions will reasonably assure the safety of (an)other person(s) and the community. I further find that the defendant has not rebutted this presumption.

**Alternative Findings (A)**

☐ (1) There is probable cause to believe that the defendant has committed an offense

- ☐ for which a maximum term of imprisonment of ten years or more is prescribed in ______
- ☐ under 18 U.S.C. § 924(c).

☐ (2) The defendant has not rebutted the presumption established by finding 1 that no condition or combination of conditions will reasonably assure the appearance of the defendant as required and the safety of the community.

**Alternative Findings (B)**

☒ (1) There is a serious risk that the defendant will not appear.

☒ (2) There is a serious risk that the defendant will endanger the safety of another person or the community.

**Part II - Written Statement of Reasons for Detention**

I find that the credible testimony and information submitted at the hearing establishes by (clear and convincing evidence) (a preponderance of the evidence) that

(See attached page)

**Part III - Directions Regarding Detention**

The defendant is committed to the custody of the Attorney General or his designated representative for confinement in a corrections facility separate, to the extent practicable, from persons awaiting or serving sentences or being held in custody pending appeal. The defendant shall be afforded a reasonable opportunity for private consultation with defense counsel. On order of a court of the United States or on request of an attorney for the Government, the person in charge of the corrections facility shall deliver the defendant to the United States marshal for the purpose of an appearance in connection with a court proceeding.

Dated: December 12, 2007

s/ David J. Waxse
*Signature of Judicial Officer*

DAVID J. WAXSE, U.S. MAGISTRATE JUDGE
*Name and Title of Judicial Officer*

*Insert as applicable: (a) Controlled Substances Act (21 U.S.C. § 801 *et seq.*); (b) Controlled Substances Import and Export Act (21 U.S.C. § 951 *et seq.*); or (c) Section 1 of Act of Sept. 15, 1980 (21 U.S.C. § 955a).

U.S.A. v. Thomas Humphrey
Criminal Action 07-M-8133-01-DJW

## Part II - Written Statement of Reasons for Detention

There are a series of factors we have to look at to determine whether there are conditions of release that will reasonably assure the appearance of the person and the safety of the person and the community.

The first factor is the nature and circumstances of the offense charged, including whether the offense is a crime of violence or involves a controlled substance. The courts have determined that using a firearm during or in relation to a drug trafficking crime is a crime of violence and obviously the other charge is a controlled substance, so those are both negative.

The next factor is the weight of the evidence. There has been a probable cause determination based on the affidavit, so that is a negative.

The next factor is the history and characteristics of the person, including your physical and mental condition. There is nothing about your physical or mental condition that would be a problem.

Family ties are not a problem.

Employment is not a problem.

Financial resources are a problem because the factor we are supposed to look at is whether or not there are financial resources that would make it easy for a person to flee. Clearly you have substantial financial resources, so that is a negative.

The next factor is length of residence in the community and community ties, which are both positive.

The next factor is your past conduct, which includes history relating to drug or alcohol abuse, criminal history and record concerning appearance at court proceedings. There are no felony convictions, however there are three pages of contacts with law enforcement, many of which are guilty pleas of minor offenses, which is not good in terms of determining whether you are going to comply with conditions of release.

The next factor is whether at the time of the current offense or arrest the person was on probation, parole, or other release. There are certainly situations where it appears you failed to appear, but there is no

parole or probation, so those are somewhat negative.

Finally is the nature and seriousness of the danger to any person in the community that would be posed by the release. When you are talking about this kind of drug offense with a firearm involved, that is substantial danger.

Considering all those factors together, you will remain detained.