DJW/2

# IN THE UNITED STATES DISTRICT COURT
# FOR THE DISTRICT OF KANSAS

**UNITED STATES OF AMERICA,**

              **Plaintiff,**        **CRIMINAL ACTION**

      **v.**                              Case No.  07-cr-20168-JWL-DJW-2

**MONTERIAL WESLEY,**

              **Defendant.**

## MEMORANDUM AND ORDER

Pending before the Court is Defendant Monterial Wesley's Motion for Contact Visit With His Children (doc. 833).  Defendant was convicted after a jury trial and has not yet been sentenced.  While awaiting his sentence, Defendant is in custody at the CCA facility in Leavenworth, Kansas.  Defendant asks this Court for an order allowing a contact visit with his children before serving his sentence.  Defendant states that in order for the CCA facility to allow such a contact visit, Defendant needs an order from this Court.

The Court held a hearing on Defendant's Motion on June 29, 2009, where the government opposed Defendant's Motion.  After the hearing, the Court concluded that it needed more information before ruling on Defendant's Motion.  Thus, the Court entered a Notice and Order to Show Cause (doc. 910) directing the government to show cause in a pleading filed by July 13, 2009 providing the CCA policy regarding contact visits and any other information why Defendant's Motion should not be granted.  The government filed its response (doc. 917) on July 12, 2009, and Defendant filed his reply (doc. 938) on July 24, 2009.  The Court has reviewed all relevant pleadings and is now ready to rule on Defendant's Motion.

The Court notes that CCA has a policy of prohibiting contact visits, but that CCA has allowed contact visits due to court orders issued under specific situations. The government points out that the reason for this policy is because of the security risks involved with contact visits. Because of the security risks, one person at a time is allowed to visit the inmate, which requires 4 additional staff members. The government estimates that the contact visits with his 3 children requested by Defendant would cost approximately $312.00.

Defendant argues that the security concerns can be addressed by CCA's procedures for contact visits: with the presence of additional staff members and a limit of one person per contact visit. Defendant also argues that in order to address the government's concern of the cost in suddenly allowing all pretrial detainees to have contact visits, the Court should limit its order to the specific facts of this case: a defendant whose trial is concluded and who desires a contact visit with his children.

The Court has considered the CCA policy, the government's concerns, and Defendant's proposed limits on any order allowing contact visits, and finds that Defendant's Motion should be granted. The Court specifically notes that it is allowing the requested contact visits in light of the specific circumstances in this case: Defendant has been tried and is awaiting sentencing and would like contact visits with his 3 children (one at a time) to help preserve his relationship with his children. In light of these circumstances, the Court will allow Defendant one contact visit with each of his three children.

**IT IS THEREFORE ORDERED** that Defendant Monterial Wesley's Motion for Contact Visit With His Children (doc. 833) is granted. Defendant shall be allowed a contact visit with each of his 3 children, one child at a time.

**IT IS SO ORDERED.**

Dated in Kansas City, Kansas on this 12th day of August 2009.

s/ David J. Waxse<br>
David J. Waxse<br>
U. S. Magistrate Judge

cc:   All counsel and pro se parties