# IN THE UNITED STATES DISTRICT COURT
## DISTRICT OF KANSAS

United States of America,

        Plaintiff/Respondent,

v.                                    Case No. 07-20168-02-JWL
                                           Case No. 12-2704-JWL

Monterial Wesley,

        Defendant/Petitioner.

## MEMORANDUM & ORDER

On February 1, 2008, Monterial Wesley was charged along with twenty-three other individuals in a 39-count superseding indictment. After the jury was impaneled but before any evidence was presented, Mr. Wesley pled guilty to four counts of the indictment, including conspiracy to manufacture, to possess with intent to distribute, or to distribute cocaine base and/or cocaine. *See United States v. Wesley*, 423 Fed. Appx. 838 (10th Cir. 2011). He proceeded to trial on the eight remaining counts against him and was subsequently convicted on two of those counts. *See id.* at 839.[1]

At Mr. Wesley's sentencing, the court found that Mr. Wesley was accountable for 150 kilograms of cocaine, had possessed a firearm, and did not qualify for an adjustment for acceptance of responsibility. *See id.* The sentencing guideline range was calculated to be 324 to

---

[1] The jury found Mr. Wesley guilty on 7 of the remaining 8 counts and was unable to reach a verdict on the last count—possession of a firearm in furtherance of drug trafficking activity. The court subsequently granted Mr. Wesley a judgment of acquittal on 5 of the counts on which the jury found Mr. Wesley guilty and granted the government's motion to dismiss the firearm count. The end result, then, is that Mr. Wesley was convicted on only two of the eight counts on which he proceeded to trial—attempting to possess with intent to distribute five kilograms or more of cocaine on September 13, 2007 and November 27, 2007.

405 months and the court ultimately sentenced Mr. Wesley to 360 months' imprisonment. *See id.* On appeal to the Tenth Circuit, Mr. Wesley argued that the court relied on insufficient and unreliable evidence in assessing the drug quantity attributable to him and that he was entitled to a two-point reduction for acceptance of responsibility because he pled guilty to the most serious charge in the indictment. The Circuit affirmed the court's rulings. *Id.*

This matter is now before the court on Mr. Wesley's motion to vacate, set aside or correct his sentence pursuant to 28 U.S.C. § 2255 (doc. 1499). In that motion, Mr. Wesley raises six separate claims wherein he contends that the performance by trial and appellate counsel was deficient in violation of his Sixth Amendment right to counsel. "To establish ineffective assistance of counsel, a defendant must show 'that counsel's representation fell below an objective standard of reasonableness' and that he was prejudiced by the deficient performance." *United States v. Moya*, 676 F.3d 1211, 1213 (10th Cir. 2012) (quoting *Strickland v. Washington*, 466 U.S. 668, 687–88 (1984)). As will be explained, the court denies each of Mr. Wesley's claims and denies Mr. Wesley's request for an evidentiary hearing.

**Permitting or Advising Mr. Wesley to Plead Guilty to Some Charges**

Mr. Wesley contends that he received ineffective assistance of counsel in connection with his guilty plea. While his motion is not entirely clear, Mr. Wesley seems to contend, in one breath, that his counsel should not have permitted or advised him to plead guilty to some charges but not others; should not have permitted him to plead guilty to any charges; and should not have permitted him to proceed to trial on any charges. According to Mr. Wesley, his counsel failed to understand that by permitting Mr. Wesley to plead guilty to some but not all

charges, Mr. Wesley would not be eligible for an acceptance of responsibility reduction for sentencing purposes. Mr. Wesley cites two cases that he contends absolutely preclude Mr. Wesley from a reduction for acceptance of responsibility if he proceeded to trial on some charges and he criticizes his counsel's lack of familiarity with these cases. He references a Supreme Court decision that he identifies only as "*Edwards*" and a Tenth Circuit decision that he identifies only as "*Pace*." The court has not uncovered any decisions so captioned that address acceptance of responsibility, so his counsel can hardly be faulted for overlooking them. And while Mr. Wesley's decision to proceed to trial on some charges and to fully contest issues at trial certainly factored into the court's decision not to award Mr. Wesley a reduction for acceptance of responsibility, he received some credit for pleading guilty in that the court decided not to sentence Mr. Wesley at the high end of the Guideline range in light of his plea.

In any event, the court is not persuaded that Mr. Wesley's counsel would have been able to persuade Mr. Wesley not to plead guilty to some charges and proceed to trial on other charges. It was clear to the court that Mr. Wesley proceeded to trial on the specific charges that he did because those charges concerned conduct implicating members of his family as well as certain close friends, who were also proceeding to trial, such that he was reluctant to plead guilty to those charges. And it is difficult to discern any prejudice from the decision to plead guilty to the conspiracy charge, as Mr. Wesley did receive some benefit for his decision to plead guilty and undoubtedly would have been convicted at trial as his co-defendants were convicted. Mr. Wesley, then, has not established any prejudice as a result of his counsel's alleged failure to persuade Mr. Wesley not to plead guilty to some but not all charges against him.

Mr. Wesley also contends, however, that his counsel should not have permitted him to plead guilty to any of the charges because by pleading guilty to the conspiracy charge, he had to admit to drug quantities sufficient to trigger a 10-year mandatory minimum sentence. The 10-year mandatory minimum triggered by the conspiracy count in this case is completely irrelevant in light of the fact that Mr. Wesley's ultimate Guideline range and sentence was far beyond the statutory mandatory minimum. Mr. Wesley cannot establish any prejudice in this respect. Mr. Wesley also contends, seemingly conversely, that his counsel should not have permitted him to proceed to trial on any of the charges because his offense level would have been the same even if he had pleaded guilty to all charges. As explained earlier, Mr. Wesley was determined to proceed to trial on the specific charges implicating his brother and his girlfriend and there is no suggestion in the record that he would have accepted a plea agreement on those charges whatever his counsel's advice. Indeed, Mr. Wesley himself does not even state that he would have accepted a plea on those charges. Again, he cannot establish any prejudice.

In the end, Mr. Wesley's brief reflects that he was not happy with any of the options available to him—he is unhappy that he decided to plead guilty to some charges and proceed to trial on other charges, but he indicates that it would have been a mistake to proceed to trial on all charges (because a conviction was all but guaranteed and presumably there would have been no benefit to him in terms of sentencing) and that it would have been a mistake to plead guilty to all charges (because of the required factual admissions on the conspiracy charge). Mr. Wesley does not indicate, then, what his counsel should have advised him to do and, in truth, there was little if anything his counsel could have done in light of the overwhelming evidence against Mr. Wesley and his apparent insistence on proceeding to trial on those counts implicating his family

and close friends. While it is perhaps not surprising that none of the options available to Mr. Wesley were particularly satisfying to him, Mr. Wesley's dissatisfaction is a product of his own doing rather than his counsel's doing.

**Failure to Adequately Object to Denial of Two-Level Reduction for Acceptance of Responsibility**

According to Mr. Wesley, his trial counsel failed to assert a "relevant" objection at sentencing to the denial of a two-point reduction for acceptance of responsibility. Mr. Wesley asserts that his decision to plead guilty to the conspiracy charge was sufficient to permit the court to grant the two-level reduction and he criticizes his counsel's failure to convince the court to award the reduction. This claim is denied. Mr. Wesley's counsel, in fact, made a detailed objection urging the court to grant Mr. Wesley the two-level reduction for acceptance of responsibility in light of his decision to plead guilty to the most serious charge against him and because the government would have had to proceed to trial in any event against Mr. Wesley's co-defendants and to present the same evidence regardless of whether Mr. Wesley proceeded to trial on the remaining counts. At Mr. Wesley's sentencing, his counsel followed up on the objection with what the court acknowledged was an "excellent argument" in favor of granting the reduction to Mr. Wesley.

In the end, however, the court, despite the vigorous argument made by counsel, overruled the objection based on its determination that Mr. Wesley did not accept the wrongfulness of his conduct or the seriousness of his conduct sufficient to warrant a reduction in the face of a decision to proceed to trial on some counts. This determination was based on the fact that Mr.

Wesley fully contested certain issues at trial and contested the drug quantities attributed to him both during the plea process and in the sentencing context. Moreover, the court did give some credit to Mr. Wesley for pleading guilty to the most serious charge by declining to sentence Mr. Wesley to the high end of the applicable guidelines range. Finally, the Tenth Circuit affirmed the court's decision to deny Mr. Wesley the two-level reduction despite counsel's objection to that denial.

Mr. Wesley's claim, then, essentially amounts to a complaint that his counsel's objection to the denial of the two-level reduction was not sufficiently persuasive to convince the court to award the reduction. It is well established that the mere fact that counsel's arguments are unsuccessful does not render counsel's performance constitutionally deficient. The claim, then, is denied. *United States v. Miller*, 464 Fed. Appx. 750, 752 (10th Cir. 2012) (failure to obtain favorable outcome not proof of deficiently performance); *United States v. Mullane*, 226 Fed. Appx. 810, 813 (10th Cir. 2007) (unsuccessful attempts by counsel to persuade court to impose lower sentence does not suggest performance deficient); *United States v. Harfst*, 168 F.3d 398, 402 (10th Cir. 1999) (actual presentation by counsel of defendant's argument for an adjustment, although unsuccessful, likely negates any claim of ineffective assistance of counsel).


**Failure to Adequately Object to Two-Level Enhancement for Firearm Possession**

Similar to his claim that his counsel failed to persuade the court to grant a two-level reduction for acceptance of responsibility, Mr. Wesley claims that his counsel's performance was constitutionally deficient because he failed to assert a winning objection to the court's application of a two-level firearm enhancement under § 2D1.1(b)(1). Mr. Wesley's counsel

raised a specific objection to the enhancement on the grounds that it was "clearly improbable" that the gun was connected to the offense. At Mr. Wesley's sentencing, counsel developed this objection in detail and argued that the enhancement should not apply because it was highly improbable that the gun, at the time it was discovered by law enforcement during Mr. Wesley's arrest, was being used for the purchase of narcotics because the gun was under the seat of Mr. Wesley's car; it had only one bullet in the chamber; the evidence supported the conclusion that Mr. Wesley would have been able to purchase narcotics on that particular day without the presence of a firearm; and it was unclear whether Mr. Wesley even knew that the firearm was under the seat of the car at the time in question.

The court overruled the objection of Mr. Wesley's counsel, concluding that the issue was not whether the gun was present in the vehicle on that particular day to enhance the particular transaction that was set to transpire. Rather, the issue was that Mr. Wesley was anticipating the receipt of 5 kilograms of cocaine; that the cocaine would be located in Mr. Wesley's vehicle; and he desired to protect that property from others who might be inclined to take that property or do harm to Mr. Wesley in light of his possession of the drugs. The court, then, concluded that the firearm was clearly associated with Mr. Wesley's drug trafficking activity. Mr. Wesley's counsel's failure to convince the court otherwise in light of these facts is hardly proof of deficient performance. The claim is denied. *Mullane*, 226 Fed. Appx. at 813 (unsuccessful attempts by counsel to persuade court to impose lower sentence does not suggest performance deficient); *Harfst*, 168 F.3d at 402 (actual presentation by counsel of defendant's argument for an adjustment, although unsuccessful, likely negates any claim of ineffective assistance of counsel).

Mr. Wesley contends further that his appellate counsel's performance was deficient because he failed to challenge the firearm enhancement on appeal. Mr. Wesley, however, does not point to a winning argument that his appellate counsel might have raised on appeal concerning the firearm enhancement. The claim, then, is denied. *Miller*, 464 Fed. Appx. at 752 (no claim for ineffective assistance on direct appeal without pointing to a winning argument passed over by counsel); *United States v. Orange*, 447 F.3d 792, 797 (10th Cir. 2006) (counsel has no duty to raise meritless issues on direct appeal).

**Failure to Adequately Challenge Drug Quantity Attributable to Mr. Wesley**

Mr. Wesley next contends that his counsel's performance was constitutionally deficient because he failed to adequately challenge the quantity of drugs attributed to him for sentencing purposes. This claim is denied. As with Mr. Wesley's previous two claims, his trial counsel asserted specific objections to the drug quantity assigned to Mr. Wesley in the presentence investigation report and argued about the drug quantity issue extensively during the sentencing hearing. Mr. Wesley's trial counsel challenged both the reliability of the evidence relied upon to establish the quantity of drugs attributable to Mr. Wesley and the credibility of the witnesses who testified in support of that quantity. As noted earlier, the fact that the court overruled the objections asserted by trial counsel in no way renders counsel's performance deficient. *Miller*, 464 Fed. Appx. at 752 (failure to obtain favorable outcome not proof of deficiently performance); *Mullane*, 226 Fed. Appx. at 813 (unsuccessful attempts by counsel to persuade court to impose lower sentence does not suggest performance deficient); *Harfst*, 168 F.3d at 402 (actual presentation by counsel of defendant's argument for an adjustment, although

unsuccessful, likely negates any claim of ineffective assistance of counsel). Moreover, the Circuit has affirmed the court's findings as to the drug quantity attributable to Mr. Wesley, concluding that the court's findings were based on "conservative, cautious interpretations of the evidence." *Wesley*, 423 Fed. Appx. at 840.

To the extent Mr. Wesley challenges specific omissions on the part of his trial counsel with respect to the drug quantity issue, he has not demonstrated that those omissions had any bearing on his sentence. Mr. Wesley contends that his trial counsel should have submitted evidence at the sentencing hearing on the drug quantity issue, but he does not indicate what affirmative evidence should have or could have been presented that might have changed the court's decision on the quantity issue. Similarly, he contends that his counsel should have more effectively cross-examined Mr. Humphrey and Mr. Santa Anna on the drug quantity issue, but does not suggest how a more vigorous cross-examination would have changed the outcome in this case. He contends that his trial counsel should have elicited more testimony at trial concerning marijuana sales made by Mr. Wesley during the conspiracy and requested a special verdict form at trial asking the jury to making findings regarding marijuana sales and to identify the specific quantities of marijuana sold during the conspiracy. Any such findings, however, would not have affected the court's findings as to the amount of cocaine attributable to Mr. Wesley for sentencing purposes. Because Mr. Wesley has not shown that he suffered any prejudice as a result of his counsel's alleged failures with respect to the drug quantity issue, the claim is denied.[2]

---

[2] Mr. Wesley also contends that his counsel failed to realize that the drug quantity issue was required to be submitted to the jury rather than determined by the court, arguing that the quantity

**Failure to Adequately Challenge Assessment of Criminal History Points**

Mr. Wesley asserts that his Sixth Amendment rights were violated because his trial counsel failed to adequately challenge the assessment of two criminal history points under § 4A1.1. By way of background, the presentence investigation report assessed under § 4A1.1(c) one criminal history point for an October 2003 misdemeanor conviction for possession of marijuana and one criminal history point for a September 2004 misdemeanor conviction for possession of an illegal drug. The PSR notes that Mr. Wesley did not receive any jail time for the convictions and was merely assessed a fine on both occasions. Mr. Wesley's counsel objected to the assessment of those points, arguing that they did not meet the parameters set forth in § 4A1.1(c) of the guidelines. At the sentencing hearing, Mr. Wesley's trial counsel candidly and appropriately conceded that he had misinterpreted § 4A1.1(c) and that the convictions were not properly excluded under § 4A1.2(c)(1) or (2). Despite that concession, trial counsel explained to the court that he found it "difficult" to believe that criminal history points are assessed for municipal convictions that result only in assessment of fines. Nonetheless, Mr. Wesley's trial counsel "very reluctantly" agreed that while he could make an argument that Mr. Wesley's criminal history was overstated such that he should receive a

increased Mr. Wesley's "statutory maximum penalty." The court presumes that Mr. Wesley is arguing that his counsel failed to identify an *Apprendi* violation. No such violation occurred, as the statutory maximum penalty on the conspiracy charge is life imprisonment. *See United States v. DuBois*, 25 Fed. Appx. 764, 766 (10th Cir. 2001) (where defendant was sentenced to a term within the statutory maximum of life imprisonment, *Apprendi* did not apply).

sentence at the lower end of the guidelines range, he could not make an argument that the points themselves should not have been assessed.

In his motion to vacate, Mr. Wesley essentially makes the same arguments that his counsel already made and that the court has already rejected. He urges that he should not have been assessed the criminal history points because he did not receive jail time for the convictions and that the convictions are somehow excluded under § 4A1.2(c)(1) or (2). Because his counsel raised these same arguments to the court, albeit unsuccessfully, the claim must be denied. *Miller*, 464 Fed. Appx. at 752 (failure to obtain favorable outcome not proof of deficiently performance); *Mullane*, 226 Fed. Appx. at 813 (unsuccessful attempts by counsel to persuade court to impose lower sentence does not suggest performance deficient); *Harfst*, 168 F.3d at 402 (actual presentation by counsel of defendant's argument for an adjustment, although unsuccessful, likely negates any claim of ineffective assistance of counsel). Moreover, Mr. Wesley cannot demonstrate that his counsel was deficient for conceding the argument at sentencing because, as explained above, the argument clearly lacked merit under the relevant guidelines such that it was his counsel's ethical obligation to candidly concede the issue.

He further contends that his counsel failed to understand how Amendments 706, 709 and 711 "changed the applicability" of his prior convictions under § 4A1.1 or 4A1.2. This argument is also rejected. Neither Amendment 706 nor Amendment 711 has any bearing on §4A1.1 or § 4A1.2. *See United States v. Caldwell*, 499 Fed. Appx. 760, 761 (10th Cir. 2012) (Amendment 706 reduced the guideline range for crack cocaine offenses); *United States v. Robertson*, 344 Fed. Appx. 489, 490 (10th Cir. 2009) (Amendment 711 further amended Amendment 706 and applies to sentence for which the offense involves crack cocaine and one or more other

controlled substance).  While Amendment 709 modified § 4A1.1 and § 4A1.2 to change the way

certain prior convictions affect a defendant's criminal history score, *see United States v. Hodge*,

365 Fed. Appx. 962, 965 (10th Cir. 2010), that amendment was effective on November 1, 2007

and, thus, was in effect at the time Mr. Wesley's criminal history score was calculated in

September 2009.  He makes no argument as to how Amendment 709 should have been applied

to his convictions but it is clear in any event that the pertinent guidelines were appropriately

applied as to Mr. Wesley's convictions.


**Failure to Adequately Prepare for Trial and Sentencing**

Finally, Mr. Wesley raises a conclusory challenge about his trial counsel's preparation for

trial and sentencing, asserting that his counsel, who was appointed in December 2008,[3] did not

receive the government's discovery until January 2009 and "could not possibly" have reviewed

the material in any competent fashion prior to trial.  He further asserts that his counsel told him

that he was not familiar with the federal court system or the federal sentencing guidelines.    The

claim is rejected.  Mr. Wesley has not identified any specific "acts or omissions of counsel that

are alleged not to have been the result of reasonable professional judgment."  *Strickland,* 466

U.S. at 690.  Mr. Wesley offers no suggestion as to what steps or missteps effective counsel

allegedly would have taken or avoided.  He asserts that trial counsel received discovery "only

days prior to the start of jury trial," but the record reflects that trial did not begin until mid-April

2009—three months after his counsel received discovery.  Moreover, during a status conference

---

[3] Mr. Wesley's prior attorney moved to withdraw in early December 2008 due to a conflict of
interest.  That motion was granted by the court.

held on December 15, 2008, Mr. Wesley's trial counsel assured the court that he could be prepared for trial by April 7, 2009 (trial was ultimately postponed until April 14, 2009). There is no indication that Mr. Wesley's trial counsel, at any time, was unprepared for the issues in this case.

Most significant, however, is that the record demonstrates that Mr. Wesley's trial counsel was fully prepared for trial—he filed witness and exhibit lists; he filed motions in limine; he vigorously cross-examined the government's witnesses; asserted numerous legal objections to the presentation of certain evidence; filed a trial brief regarding venue issues; and filed proposed jury instructions. On the second day of trial, when Mr. Wesley pleaded guilty to the conspiracy charge, Mr. Wesley advised the court that he was fully satisfied with his trial counsel's representation. And regardless of any statement trial counsel may have made to Mr. Wesley concerning his purported lack of familiarity with the federal courts and the federal sentencing guidelines, trial counsel filed several post-trial motions that resulted in the dismissal of a number of charges against Mr. Wesley and asserted vigorous and appropriate objections to various sentencing issues, as described in more detail above. His sentencing memorandum included numerous letters in support of Mr. Wesley.

In the absence of any evidence or suggestion of any specific instances in which trial counsel demonstrated a lack of preparedness for trial or sentencing, and in the face of ample evidence demonstrating trial counsel's competence to handle Mr. Wesley's case, this claim is denied.

**Certificate of Appealability**

Effective December 1, 2009, Rule 11 of the Rules Governing Section 2255 Proceedings states that the court must issue or deny a certificate of appealability when it enters a final order adverse to the applicant. "A certificate of appealability may issue . . . only if the applicant has made a substantial showing of the denial of a constitutional right." 28 U.S.C. § 2253(c)(2). To satisfy this standard, the petitioner must demonstrate that "reasonable jurists would find the district court's assessment of the constitutional claims debatable or wrong." *See Saiz v. Ortiz*, 393 F.3d 1166, 1171 n.3 (10th Cir. 2004) (quoting *Tennard v. Dretke*, 542 U.S. 274, 282 (2004)). With respect to the claims denied above, for the same reasons stated, Mr. Wesley has not made a substantial showing of the denial of a constitutional right; the court therefore denies a certificate of appealability with respect to those issues.

**IT IS THEREFORE ORDERED BY THE COURT THAT** Mr. Wesley's motion to vacate, set aside or correct sentence under 28 U.S.C. § 2255 (doc. 1499) is denied.

**IT IS SO ORDERED.**

Dated this 22nd day of May, 2013, at Kansas City, Kansas.

s/ John W. Lungstrum
John W. Lungstrum
United States District Judge