# IN THE UNITED STATES DISTRICT COURT
# DISTRICT OF KANSAS

**United States of America,**

      **Plaintiff,**

**v.**                                           **Case No. 07-20168-02-JWL**

**Monterial Wesley,**

      **Defendant.**

## **MEMORANDUM & ORDER**

On February 10, 2016, the court denied Mr. Wesley's motion to appoint counsel and then dismissed Mr. Wesley's motion for an extension of time to file a renewed motion for a sentence reduction under 3582(c) on the grounds that the court lacked jurisdiction to reduce Mr. Wesley's sentence in any event. Pursuant to Federal Rule of Appellate Procedure 4(b)(1)(A), Mr. Wesley was required to file his notice of appeal within 14 days after the entry of the court's order, or by February 24, 2016. This matter is now before the court on Mr. Wesley's motion to extend the time to file his notice of appeal under Federal Rule of Appellate Procedure 4(b)(4).

Under Rule 4(b)(4), the court may extend the time to file a notice of appeal for an additional thirty days upon a finding of excusable neglect or good cause. However, the extension may not exceed "30 days from the expiration of the time otherwise prescribed by this Rule 4(b)." Fed. R. App. P. 4(b)(4). As noted above, Rule 4(b)(1)(A)'s 14-day window expired on February 24, 2016, and the additional 30-day extension window expired on March 25, 2016. Mr. Wesley's motion for an extension of time to file his notice of appeal (to which he attaches a proposed notice of appeal) is dated March 21, 2016 and was docketed by the Clerk of the Court

on March 24, 2016. Because Mr. Wesley filed his motion (and his notice) within the 30-day extension window, the court may permit the filing of the notice of appeal if he meets the requisite standard. *See United States v. Randall*, 666 F.3d 1238, 1241 (10th Cir. 2011) (a defendant who files a notice of appeal within the Rule 4(b) thirty-day extension period may obtain relief by showing excusable neglect).

In his motion, Mr. Wesley contends that he has established excusable neglect for the delay in filing his notice of appeal. To determine whether excusable neglect exists, the court examines the danger of prejudice to the non-moving party; the length of the delay and its potential impact on the proceedings; the reason for the delay, including whether it was under the reasonable control of the defendant; and whether the movant acted in good faith. *See United States v. Cortez-Perez*, 317 Fed. Appx. 829, 831 (10th Cir. 2009). These factors are not be given equal weight; the third factor, fault in the delay, is "perhaps the most important single factor in determining whether neglect is excusable." *Id.* at 831-32.

Mr. Wesley asserts that he neglected to file a notice of appeal earlier because he experienced confusion over the nature of the court's February 10, 2016 memorandum and order. Specifically, Mr. Wesley contends that he requested an extension of time to file his motion for a sentence reduction but that the court, without notice to Mr. Wesley, converted his motion to one on the merits. According to Mr. Wesley, the court then dismissed the motion for an extension of time (as opposed to denying the motion), such that Mr. Wesley was not entirely sure whether a decision on the merits had been made at all. Mr. Wesley asserts that he is still confused over the nature of the court's ruling and his failure to understand the court's order caused his failure to timely file a notice of appeal. While Mr. Wesley may have been confused about the procedural

posture of his efforts to obtain a sentence reduction and the nature of the court's ruling, at all times the ability to file an appeal was reasonably within Mr. Wesley's control and the delay is attributable only to Mr. Wesley. The court discussed the underlying merits of the motion which Mr. Wesley sought to file to explain why it would not grant the requested extension. Whether the court denied that motion or dismissed it, semantics aside, it was perfectly clear to Mr. Wesley that he had been denied the relief he requested. Moreover, while Mr. Wesley asserts in his reply that he has been in the Special Housing Unit since late January 2016, he does not assert that his placement has affected in his access to the prison mail system in any respect or that his placement had any bearing on his ability to file a notice of appeal. The motion, then, is denied.

**IT IS THEREFORE ORDERED BY THE COURT THAT** Mr. Wesley's motion for an extension of time to file a notice of appeal (doc. 1741) is denied.

**IT IS SO ORDERED.**

Dated this 11th day of May, 2016, at Kansas City, Kansas.

s/ John W. Lungstrum
John W. Lungstrum
United States District Judge