IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF KANSAS

| | | |
|---|---|---|
| UNITED STATES OF AMERICA, | ) | |
| | ) | |
| Plaintiff, | ) | |
| | ) | |
| v. | ) | Case No. 07-20168-02-JWL |
| | ) | |
| MONTERIAL WESLEY, | ) | |
| | ) | |
| Defendant. | ) | |
| | ) | |
| _____ | ) | |

## **MEMORANDUM AND ORDER**

This matter comes before the court on defendant's motion for compassionate release pursuant to 18 U.S.C. § 3582(c)(1)(A) (doc. #1907).  For the reasons set forth below, the court **denies** the motion.

Defendant Monterial Wesley was indicted on twelve counts relating to a conspiracy to distribute cocaine and cocaine base in and around Kansas City.  In April 2009, after the jury was impaneled but before any evidence was presented, Mr. Wesley pled guilty to four counts of the indictment, including conspiracy to manufacture, to possess with intent to distribute, and to distribute fifty grams or more of cocaine base and to possess with intent to distribute and to distribute five kilograms or more of cocaine. He went to trial on the eight other counts, along with a number of co-defendants, and was subsequently convicted on two of them.  Ultimately, in October 2009, the court sentenced Mr. Wesley to 360 months imprisonment.  Mr. Wesley is presently incarcerated at FCI Forrest City Low and

his anticipated release date is February 2, 2034.  On May 26, 2020, Mr. Wesley filed the instant motion through counsel.  The motion is fully briefed and ripe for ruling.[1]

Mr. Wesley argues that relief is warranted here because his underlying health conditions place him at imminent risk of serious complications or death if he were to contract COVID-19.  Specifically, Mr. Wesley asserts that his seizure disorder and high cholesterol render him susceptible to serious complications from COVID-19.[2]  Section 3582(c)(1)(A) provides that a court may reduce a term of imprisonment for "extraordinary and compelling reasons."  The moving defendant bears the burden of establishing that such a "compassionate release" is warranted under the statute.  *See, e.g.*, *United States v. Jones*, 836 F.3d 896, 899 (8th Cir. 2016) (defendant bears burden to show reduction is warranted under Section 3582(c)(2)); *United States v. Bright*, 2020 WL 473323, at *1 (D. Kan. Jan. 29, 2020) ("extraordinary and compelling" standard imposes a heavy burden on a defendant seeking relief under Section 3582(c)(1)(A)).  A court exercises its discretion in ruling on such a motion.  *See United States v. Chambliss*, 948 F.3d 691, 693 (5th Cir. 2020) (reviewing denial for abuse of discretion); *United States v. Saldana*, 2020 WL 1486892, at

---

[1] The government does not dispute that Mr. Wesley has satisfied the statute's exhaustion requirement such that this court has jurisdiction to resolve the merits of Mr. Wesley's motion.

[2] In his motion, Mr. Wesley also asserts that he has a history of respiratory infections related to juvenile asthma.  As the government noted in its response, the medical records attached to Mr. Wesley's motion do not indicate that Mr. Wesley's condition in that regard is chronic, severe or debilitating in any respect.  The government requested that Mr. Wesley, in his reply, provide additional support for his assertion that his asthma presented a serious health condition.  In reply, Mr. Wesley relies only on his seizure disorder and his high cholesterol.  The court, then, understands that Mr. Wesley is no longer asserting a history of respiration infections based on juvenile asthma or any underlying conditions related to asthma as a basis for compassionate release.

*2 n.4 (10th Cir. Mar. 26, 2020) (unpub. op.) (same) (citing *United States v. Piper*, 839 F.3d 1261, 1265 (10th Cir. 2016)).

18 U.S.C. § 3582(c)(1)(A) provides that a court may reduce a sentence if it finds both (a) that extraordinary and compelling reasons warrant the reduction and (b) "that such a reduction is consistent with applicable policy statement issued by the Sentencing Commission." *See id.* In addition, 28 U.S.C. § 994(t) provides that "[t]he [Sentencing] Commission, in promulgating general policy statements regarding the sentencing modification provisions in section 3582(c)(1)(A) of title 18, shall describe what should be considered extraordinary and compelling reasons for sentence reduction, including the criteria to be applied and a list of specific examples." *See id.* The Sentencing Commission responded to that mandate by promulgating the policy statement found at U.S.S.G. § 1B1.13.

In Section 1B1.13, the Commission added the requirement that the defendant not be a danger to the safety of another person or the community. *See id.* In addition, in Application Note 1 to the statement, the Commission set forth four circumstances (in subdivisions (A) through (D)) under which "extraordinary and compelling reasons" may exist. *See id.* application note 1. Subdivisions (B) and (C) depend on the defendant's age and family circumstances, and they are not applicable here. *See id.* Subdivision (A) sets forth the following qualifying medical condition: the defendant is either (i) suffering from a terminal illness; or (ii) suffering from a serious physical or medical condition that substantially diminishes his or her ability to provide self-care within the prison environment from which he or she is not expected to recover. *See id.* Mr. Wesley briefly

3

argues that he can satisfy subdivision (A).  However, Mr. Wesley contends only that he is not expected to recover from his medical conditions—he makes no argument that those conditions substantially diminish his ability to provide self-care within the prison environment.  Mr. Wesley, then, has not shown that he is entitled to relief under this subdivision.

That leaves subdivision (D), known as the "catchall" provision, which in its present form provides as follows:

> **(D)  Other Reasons. –** As determined by the Director of the Bureau of Prisons, there exists in the defendant's case an extraordinary and compelling reason other than, or in combination with, the reasons described in subdivisions (A) through (C).

*See id.*  Subdivision (D) thus provides that circumstances other than those listed in subdivisions (A) through (C) may be sufficient to warrant relief, as determined by the Bureau of Prisons (BOP).  The BOP has made no such determination in this case. Nevertheless, as this court has previously determined, in accordance with the weight of authority, the court is not limited to circumstances (A) through (C), and it may exercise its own discretion to determine whether other extraordinary and compelling reasons warrant relief under the statute.  *See United States v. Jackson*, 2020 WL 2812764, at *3 (D. Kan. May 29, 2020).  As will be explained, the court concludes in its discretion that Mr. Wesley has not met his burden to show that extraordinary and compelling circumstances warrant his immediate release from prison because he has not shown that he suffers from medical conditions that place him at an elevated risk of harm from the virus.

Mr. Wesley asserts that his high cholesterol and seizure disorder both increase his risk of harm in the event that he contracts the virus.  The record, however, reflects that Mr. Wesley's cholesterol is managed with daily medication and there is no evidence that this condition is debilitating in any way.  Moreover, high cholesterol is not among the conditions cited by the Centers for Disease Control as involving some increased risk of complications from Covid-19 infection.  *See United States v. Barnes*, 2020 WL 3606354, at *2 (E.D. La. July 2, 2020) (high cholesterol does not equate to serious heart condition and does not otherwise qualify as high-risk for COVID-19 complications); *United States v. Machuca-Quiintana*, 2020 WL 3047596, at *4 (D. Kan. June 8, 2020) (denying relief and noting that high cholesterol is not among the conditions cited by the Centers for Disease Control as involving some increased risk of complications from Covid-19 infection); *United States v. Morrison*, 2020 WL 2735749, at *1 (D. Kan. May 26, 2020) (denying motion for compassionate release despite fact that inmate had high cholesterol because medical records did not indicate that the condition was serious); *People Who Are at Higher Risk for Severe Illness*, CDC, https://www.cdc.gov/coronavirus/2019-ncov/need-extra-precautions/groups-at-higher-risk.html (last visited July 8, 2020).

Similarly, the record does not support a finding that Mr. Wesley's seizure disorder places him at an increased risk of harm if he contracts the virus.  Notably, the medical records submitted by Mr. Wesley indicate that on March 5, 2020, Mr. Wesley told a medical officer that he had not had a seizure in over a year and that he refused to take the medication prescribed to him.  The medical officer noted, then, that Mr. Wesley's seizure disorder was "resolved" and noted Mr. Wesley's continued noncompliance with prescribed

medical treatment, dating back to December 2015 when he never filled a prescription for anti-seizure medication provided to him.  Certainly, on this record there is no evidence that any seizure disorder presents an increased risk of complications and seizures are not among the conditions cited by the CDC as involving an increased risk.  *United States v. Poncedeleon*, 2020 WL 3316107, at *2 (W.D.N.Y. June 18, 2020) (seizures do not present increased risk); *United States v. Numann*, 2020 WL 1977117, at *3 (D. Alaska Apr. 24, 2020) (finding no extraordinary and compelling reasons to warrant release notwithstanding the COVID-19 outbreak and defendant's epilepsy); *People Who Are at Higher Risk for Severe Illness*, CDC, https://www.cdc.gov/coronavirus/2019-ncov/need-extra-precautions/groups-at-higher-risk.html (last visited July 8, 2020).

Lastly, this is not a case in which the inmate has only a short time left to serve.  Mr. Wesley was sentenced to 360 months and the government maintains a valid public interest in incarcerating him in accordance with the terms of his lawful sentence.

Mr. Wesley, then, has simply not shown that he bears an increased risk of serious medical harm, and the court is not prepared to order the release of any and all inmates, solely because of the pandemic, in the absence of such a particularized risk.  Accordingly, the court in its discretion concludes that Mr. Wesley has not shown that extraordinary and compelling reasons warrant his release from prison.  The court therefore denies the instant motion for relief under Section 3582(c)(1)(A).

**IT IS THEREFORE ORDERED BY THE COURT THAT** defendant's motion for compassionate release pursuant to 18 U.S.C. § 3582(c)(1)(A) (doc. #1907) is hereby **denied**.

**IT IS SO ORDERED.**

Dated this 9th day of July, 2020, at Kansas City, Kansas.

*s/ John W. Lungstrum*
John W. Lungstrum
United States District Judge