IN THE UNITED STATES DISTRICT COURT
DISTRICT OF KANSAS

United States of America,

    Plaintiff/Respondent,

v.                                                   Case No. 07-20168-02-JWL

Monterial Wesley,

    Defendant/Petitioner.

## MEMORANDUM AND ORDER

Defendant Monterial Wesley was indicted on twelve counts relating to a conspiracy to distribute cocaine and cocaine base in and around Kansas City. In April 2009, after the jury was impaneled but before any evidence was presented, Mr. Wesley pled guilty to four counts of the indictment (without the benefit of a plea agreement), including conspiracy to manufacture, to possess with intent to distribute, and to distribute fifty grams or more of cocaine base and to possess with intent to distribute and to distribute five kilograms or more of cocaine. He went to trial on the eight other counts and was subsequently convicted on two of them.

In October 2009, the court sentenced Mr. Wesley to 360 months imprisonment. This sentence was driven by the significant quantity of drugs attributed to Mr. Wesley and the inherent violence associated with the related firearms offense. Specifically, the court found that Mr. Wesley was accountable for more than 150 kilograms of cocaine which corresponded to the highest base offense level at the time and was, as noted by the Tenth Circuit, a conservative estimate. *United States v. Wesley*, 423 Fed. Appx. 838, 840 (10th Cir. 2011) (district court's "conservative estimate" concerning drug quantity was based on "conservative, cautious

interpretations" of the evidence). In holding Mr. Wesley accountable for more than 150 kilograms of cocaine, the court relied on the trial testimony of Mr. Thomas Humphrey and the sentencing hearing testimony of Mr. Cruz Santa Anna, both of whom the court found credible. Mr. Wesley's base offense level was increased based on Mr. Wesley's possession of a firearm, for a total offense level of 40. The court rejected Mr. Wesley's argument that he was entitled to a two-point reduction for acceptance of responsibility because he pled guilty to the most serious charge in the indictment. With a criminal history category of II, the resulting guideline range was 324 to 405 months. As noted, the court sentenced Mr. Wesley to 30 years. The Circuit affirmed the sentence on direct appeal. *United States v. Wesley*, 423 Fed. Appx. 838, 839 (10th Cir. 2011). He is presently scheduled for release in May 2033.

In December 2021, Mr. Wesley filed a motion to reduce his sentence under 18 U.S.C. § 3582(c)(1)(A) asserting, among other arguments, that the prosecutor in this case, AUSA Terra Morehead, suborned perjury about the drug quantities attributable to him.[1] According to Mr. Wesley, his evidence of prosecutorial misconduct, coupled with other reasons not pertinent here, constituted an extraordinary and compelling reason for a sentence reduction. The court held that Mr. Wesley's argument that Ms. Morehead's conduct undermined the constitutional integrity of the trial and sentencing could not be remedied under 18 U.S.C. § 3582(c)(1)(A) and that the claim

---

[1] While Mr. Wesley does not purport to have evidence directly from Mr. Humphrey or Mr. Santa-Anna that they knowingly testified to a higher quantity of drugs than was involved in the conspiracy, Mr. Wesley has evidence from other witnesses who testified at his trial and who state that they were pressured by the prosecutor to "add weight" to the drug quantities. According to Mr. Wesley, this conduct provides a reasonable basis to infer that the prosecutor engaged in similar conduct with Mr. Humphrey and Mr. Santa-Anna. *See United States v. Wesley*, 60 F.4th 1277, 1280-81 (10th Cir. 2023).

2

could only be pursued through 28 U.S.C. § 2255. *See United Sates v. Wesley*, 2022 WL 715094 (D. Kan. Mar. 10, 2022). The Tenth Circuit affirmed this court's decision. *See United States v. Wesley*, 60 F.4th 1277 (10th Cir. 2023).

This matter is now before the court on Mr. Wesley's motion to reopen his § 2255 proceedings (doc. 2097) so that he may assert his claim of prosecutorial misconduct. Mr. Wesley has styled his motion as one filed under Federal Rule of Civil Procedure 60(b)(6). In response, the government argues that the motion must be construed as a successive § 2255 petition and that Mr. Wesley must seek authorization from the Tenth Circuit before filing it. The government, however, does not address whether the court should dismiss Mr. Wesley's motion for lack of jurisdiction or transfer the motion to the Circuit. Mr. Wesley, in turn, candidly admits that he has no knowledge of or concern for whether his motion should be construed under Rule 60(b)(6) or § 2255; he simply wants his claim heard.

The court agrees with the government that Mr. Wesley's motion is not a true Rule 60(b)(6) motion. A Rule 60(b) motion must be construed as a successive § 2255 petition "if it seeks relief from the conviction or sentence." *United States v. Nelson*, 465 F.3d 1145, 1147 (10th Cir. 2006). Conversely, it is a "true" 60(b) motion if it either "(1) challenges only a procedural ruling of the habeas court which precluded a merits determination of the habeas application or (2) challenges a defect in the integrity of the federal habeas proceeding, provided that such a challenge does not itself lead inextricably to a merits-based attack on the disposition of a prior habeas petition." *Spitznas v. Boone*, 464 F.3d 1213, 1215-16 (10th Cir. 2006) (citations omitted). Because Mr. Wesley's motion unquestionably attacks the validity of his conviction or sentence, as opposed to asserting a defect in the integrity of the habeas proceeding, the motion is subject to authorization

3

under § 2255(h). *See United States v. Baker*, 718 F.3d 1204, 1207–08 (10th Cir. 2013); *United States v. Medina*, 510 Fed. Appx. 749, 751 (10th Cir. Feb. 12, 2013) (where Rule 60(b) motion attacked underlying conviction, it was appropriately deemed a successive motion). Because Mr. Wesley has not obtained such authorization, this court lacks jurisdiction to consider the motion. *Baker*, 718 F.3d at 1206. Thus, the court must either dismiss the motion for lack of jurisdiction or transfer the motion to the Tenth Circuit for a determination whether to permit successive § 2255 proceedings. *See United States v. Harper*, 545 F.3d 1230, 1232 (10th Cir. 2008). The court should transfer such a motion to the Circuit only when it concludes that a transfer would be "in the interests of justice." *Id*.

Here, the court believes that the interests of justice are best served by having the Tenth Circuit determine whether to permit successive § 2255 proceedings in this case. Factors considered in deciding whether a transfer is in the interests of justice include whether the claims would be time barred if filed anew in the proper forum, whether the claims alleged are likely to have merit, and whether the claims were filed in good faith or if, on the other hand, it was clear at the time of filing that the court lacked the requisite jurisdiction. *In re Cline*, 531 F.3d 1249, 1251 (10th Cir. 2008) (citing *Trujillo v. Williams*, 465 F.3d 1210, 1223 n.16 (10th Cir.2006)). There is no indication here that Mr. Wesley is acting in bad faith, and it is not clear that he will not be able to satisfy § 2255(h)(1). *See Wesley*, 60 F.4th at 1283 n.3 ("We have not yet held that 'guilty of the offense' in § 2255(h)(1) excludes arguments attacking the length of the sentence only."). The court, then, transfers Mr. Wesley's motion to the Circuit. *See In re Cline*, 531 F.3d 1249, 1251 (10th Cir. 2008).

**IT IS THEREFORE ORDERED BY THE COURT THAT** defendant's motion to reopen his § 2255 proceedings (doc. 2097) is hereby transferred to the Tenth Circuit Court of Appeals and the Clerk of the Court is ordered to effect such transfer.

**IT IS SO ORDERED.**

Dated this 30th day of April, 2025, at Kansas City, Kansas.

                                                s/John W. Lungstrum
                                                John W. Lungstrum
                                                United States District Judge